# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
## DUBLIN DIVISION

2015 DEC 11 A 9 57

| | | |
|---|---|---|
| SALLIE H. SEAY ESTATE and | * | |
| JONATHAN A. SEAY, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CV 315-086 |
| | * | |
| WELLS FARGO BANK, N.A., WELLS | * | |
| FARGO INSURANCE, ASSURANT | * | |
| INSURANCE CO., and STANDARD | * | |
| GUARANTY INSURANCE CO., | * | |
| | * | |
| Defendants. | * | |

## O R D E R

Pending in the captioned matter are Defendants Assurant Insurance Co. and Standard Guaranty Insurance Co.'s motion to dismiss Plaintiff's amended complaint and Defendant Wells Fargo Bank, N.A., and Wells Fargo Insurance's motion for judgment on the pleadings ("Wells Fargo motion").[1]   On November 23, 2015, Plaintiffs filed a motion to extend the time to respond to the Wells Fargo motion to correspond with their response deadline on the motion to dismiss.   Indeed, Plaintiffs filed their responsive briefs to both motions by the latter deadline.   Accordingly, Plaintiffs' motion for extension of time to filed a response to the Wells Fargo

---

[1]   Plaintiff has also filed a motion to remand.

motion (doc. no. 24) is **GRANTED**. The Court will duly consider the responsive brief filed on December 8, 2015. Additionally, the parties have filed a consent motion to allow Defendants until January 6, 2016, to file reply briefs. The motion for extension of time (doc. no. 34) is hereby **GRANTED**.

Defendants have also filed a motion to stay discovery pending a ruling on the other motions. The Court has "broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988)). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Feldman, 176 F.R.D. at 652 (internal citation and quotation omitted).

Because a cursory review of the motion to dismiss and the motion for judgment on the pleadings suggests that they have the *potential* to be "case-dispositive," Feldman, 176 F.R.D. at 653, discovery should be stayed pending their consideration.

See <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1367 (11th Cir. 1997); <u>see also</u> <u>Moore v. Potter</u>, 141 F. App'x 803, 808 (11th Cir. 2005).

Thus, the Court hereby **GRANTS** Defendants' request (doc. no. 28) and **STAYS** all discovery in this action pending resolution of the motion to dismiss and motion for judgment on the pleadings. The Court will issue an order regarding discovery if it becomes necessary at a later time

**ORDER ENTERED** at Augusta, Georgia, this ___ day of December, 2015.

_____
UNITED STATES DISTRICT JUDGE