FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2015 DEC 28 PM 2:27
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| SALLIE H. SEAY ESTATE and JONATHAN A. SEAY, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., WELLS FARGO INSURANCE, ASSURANT INSURANCE CO., and STANDARD GUARANTY INSURANCE CO., <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * CV 315-086 <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

**ORDER**

The captioned case was initiated in the Superior Court of Telfair County on September 16, 2015. Plaintiff Jonathan Seay is proceeding pro se, and he is also the executor of his mother's estate, Plaintiff Sally H. Seay Estate.

On October 9, 2015, Defendant Wells Fargo Insurance ("WFI") removed the case basing the Court's subject matter jurisdiction on diversity under 28 U.S.C. § 1332 and under 28 U.S.C. § 1331 because Plaintiffs had alleged violations of federal law. (Doc. No. 1, ¶ 3.) Defendant WFI did not include the consent of any other Defendant in its notice of removal, stating that it did not appear as though Plaintiffs had served the other Defendants. (Id. ¶¶ 6, 8-9.)

On October 20, 2015, Plaintiffs filed an Amended

Complaint, dropping their claims for violations of federal law. Now, Plaintiffs move to remand the case to state court.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed to federal court. 28 U.S.C. § 1441(a). Such original jurisdiction includes diversity jurisdiction under 28 U.S.C. § 1332, which requires that the parties be citizens of different states and the case involve the requisite amount in controversy, and federal question jurisdiction under 28 U.S.C. § 1331. Defendant WFI alleged both bases of removal in its Notice of Removal.

"The existence of federal jurisdiction is tested at the time of removal." Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294-95 (11th Cir. 2008). At the time of removal, complete diversity between the parties did not exist. In particular, Plaintiffs are citizens of Georgia and Defendant Standard Guaranty Insurance Company ("Standard Guaranty") has its principal place of business in Georgia. Thus, for purposes of diversity, Standard Guaranty is a citizen of Georgia also. See 28 U.S.C. § 1332(c) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ."). It mattered not whether Standard Guaranty had yet been served at the time of removal. See

2

Pullman Co. v. Jenkins, 305 U.S. 534, 541 (1939) (holding that a federal district court must consider all named defendants, regardless of service, in determining the propriety of removal based upon diversity of citizenship). In short, this Court does not have subject matter jurisdiction based upon diversity of citizenship because at the time of removal, Plaintiffs and Defendant Standard Guaranty were citizens of the same state.

Turning to Defendant WFI's alternative basis for removal jurisdiction, district courts have original jurisdiction of cases "arising under the Constitution, laws, or treaties of the United States" under 28 U.S.C. § 1331. In the instant case, at the time of removal, Plaintiffs' complaint contained claims for an alleged violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and an alleged violation of the Anti-Tying Provision of the Bank Holding Company Act, 12 U.S.C. § 1972 et seq. (See Doc. No. 1, Ex. 1, Compl., Counts Three and Five.) Because of the presence of these federal claims, this Court had federal question jurisdiction over Plaintiffs' original complaint.[1] The subsequent omission of

---

[1] To conclude that a controversy "arises under" federal law for purposes of creating federal question jurisdiction, the federal law must be an "essential" element of the plaintiff's cause of action. Guthrie v. Finnegans Wake Irish Pubs, LLC, 2009 WL 997066 (N.D. Fla. Apr. 14, 2009) (citations omitted). The federal question raised must also be a "substantial" one. Id. (citation omitted). Here, the Court presumes only for purposes of discussion that the presence of the allegations of violations of federal law suffice to create

3

these federal claims by Plaintiffs in the Amended Complaint does not impact the Court's ability to exercise supplemental jurisdiction over the state law claims. See Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1244 n.2 (11th Cir. 2007); Behlen v. Merrill Lynch, Phoenix Inv. Partners, Ltd., 311 F.3d 1087 (11th Cir. 2002); Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997) ("The dismissal of Plaintiffs' underlying federal question claim does not deprive the Court of supplemental jurisdiction over the remaining state law claims.") Accordingly, the Court has jurisdiction over the case under 28 U.S.C. § 1367(a).

Even though amending a complaint to drop all federal claims in removed cases does not divest the Court of supplemental jurisdiction, the Court may nevertheless decline to exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(c)(3).[2] Behlen, 311 F.3d at 1096 ("The court had *discretion* to retain jurisdiction over the state law claims even after [the plaintiff] amended the complaint to remove any federal cause of action." (emphasis added)); see also Carnegie-Melon Univ. v. Cohill, 484 U.S. 343

---

federal question jurisdiction.

[2] 28 U.S.C. § 1367(c)(3) provides: "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction."

4

(1988) (concluding, in reliance upon case law on pendent jurisdiction, that a district court has discretion to remand state law claims that are remaining after a plaintiff drops, by amending the complaint, the federal claim that was the basis for removal). "Considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." Baggett, 117 F.3d at 1353. In fact, the Eleventh Circuit has stated that "'[w]hen federal law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction.'" Id. (quoting Carnegie-Mellon Univ., 484 U.S. at 350 n.7.)

In the case at bar, the case is in the very early stages of litigation. In fact, the Court has stayed discovery and continued the parties' deadline to conduct a Rule 26(f) conference and file a Rule 26(f) report. Accordingly, there will be no undue prejudice, delay or duplicative effort. Further, with allegations involving insurance coverage, the Georgia state court is the more appropriate forum for considering Plaintiffs' claims of breach of contract, breach of the implied covenant of good faith and fair dealing, tortious interference, and violation of the Georgia Fair Business Practices Act. Finally, the Court is not convinced

5

that Plaintiffs sought to alter their complaint solely to deprive Defendants of a federal forum. In short, any efficiency to be achieved in retaining the case is outweighed by the countervailing considerations in support of remand.

Upon the foregoing, the Court declines to exercise its supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). Plaintiffs' motion to remand the case (doc. no. 12) is therefore **GRANTED**. Each party shall bear their own costs incurred as a result of removal. The Clerk is instructed to **TERMINATE** all remaining motions and to **REMAND** this case to the Superior Court of Telfair County.

**ORDER ENTERED** at Augusta, Georgia, this 28th day of December, 2015.

_____
UNITED STATES DISTRICT JUDGE